UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFERY WALKER,
Plaintiff,

v.

ANGELO ASA CLEMENZI, et al.,
Defendants.

Case No. 26-cv-10994 EJD (PR)

**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

Plaintiff, a civil detainee at the San Francisco County Jail ("Jail"), filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against medical staff at the Jail, San Francisco General Hospital ("SFGH"), and employees thereof. Dkt. No. 1. Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was

United States District Court
Northern District of California

violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B. Plaintiff's Claims**

Plaintiff is suing the following defendants: (1) Dr. Angelo Asa Clemenzi of CJ2; (2) Dr. Tyler Main (works from home); (3) Dr. Herrera of CJ3; (4) SFGH; (5) John and Jane Does 1-4, nursing staff at SFGH; (6) Melissa Pitts, ADD Nurse at SFGH, and (7) Dr. Sam Ramen. Dkt. No. 1 at 3.

Plaintiff claims that during the months of June through August 2026, he repeatedly went for several days, sometimes weeks, without dialysis which resulted in chest pain, dizziness, and high blood pressure. Dkt. No. 1 at 7-13. He claims that over a year ago, Dr. Sam had informed him that if he missed one day of dialysis, he could die. Id. at 7. Plaintiff alleges that Defendants Clemenzi, Main, Herrera, and Ramen were constantly notified (sometimes daily) of his symptoms, but their instructions to nursing staff were to "monitor" him and "follow behavioral management plan." Id. Plaintiff would also suffer falls and injuries to his neck and back due to his condition. Id. He was transported to SFGH several times for emergency dialysis, at least twice due to fluid in his lungs, and once due to a stroke. Id. Plaintiff claims Defendants knew that he was suffering and deteriorating and failed to provide treatment. Id. at 15.

Plaintiff also claims that medical doctors at SFGH failed to remove the excess fluid in his lungs, stating that the Jail team "had a plan." Id. at 13. Plaintiff claims that the SFGH defendants failed to treat him, knowing the risk if the excess fluid was not removed. Id. at 1.

Lastly, Plaintiff claims that he is treated differently and discriminated against because he was placed in a room for mental health patients with no TV and a camera. Id. at 15. He alleges that he was also deemed "assaultive" and that a Nurse Jane Doe called him a child molester "in defamation when Plaintiff is not." Id. He states this caused emotional trauma and harassment, as well as placing his life in danger. Id.

Liberally construed, Plaintiff's claims against Defendants Clemenzi, Main, Herrera, and Ramen are cognizable for inadequate medical care in violation of the Fourteenth Amendment. See Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004) (civil detainees awaiting adjudication entitled to conditions of confinement that are not punitive).

However, Plaintiff's claims against SFGH and its staff, including Melissa Pits, are not cognizable because SFGH is a private entity and its employees are private individuals. A private individual does not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). Simply put: There is no right to be free from the infliction of constitutional deprivations by private individuals. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). Accordingly, these private parties must be dismissed from this action for failure to state a claim for relief.

**1. Eleventh Amendment**

Plaintiff indicates that each defendant is being sued in their "official and individual capacity." Dkt. No. 1 at 3.

The Eleventh Amendment to the U.S. Constitution bars a person from suing a state in federal court without the state's consent. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984). The U.S. Supreme Court has held that state officials acting in their official capacities are not "persons" under Section 1983 because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, such a suit is therefore no different from a suit against the state itself. Id. Accordingly, the Eleventh Amendment bars Plaintiff's claims for monetary relief to the extent that they are based on acts by Defendants in their official capacity. See id. Such claims for damages must be dismissed.

///

United States District Court
Northern District of California

**2. Joinder**

Plaintiff's other claims involving disparate treatment in the Jail and the allegedly defamatory statement by a nurse that endangered his life are improperly joined to this action.

A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." Id. (citing 28 U.S.C. § 1915(g)). Furthermore, parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Here, the medical claim against specifically named doctors is not related to Plaintiff's claims regarding disparate treatment and defamation. Nor does Plaintiff allege that the named doctors were involved in these other deprivations. Lastly, there is no indication that all these claims arose out of the same transaction, occurrence, or series of transactions or occurrences, or that any question of law or fact is common to all defendants. Accordingly, the claims involving disparate treatment and defamation must be dismissed to filing in separate actions.

///

///

United States District Court
Northern District of California

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The following claims are **DISMISSED with prejudice**: (1) damage claims against Defendants in their "official capacity"; and (2) claims against SFGH, Melissa Pitts, and John and Jane Does.

The following claims are **DISMISSED without prejudice** to filing in a separate action: (1) discriminatory treatment; and (2) defamation.

2. This action shall procced on the deficient medical care claim against Defendants Dr. Angelo Asa Clemenzi, Dr. Tyler Main, Dr. Herrera, and Dr. Sam Ramen.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (Dkt. No. 1), and a copy of this order upon Defendants Dr. Angelo Asa Clemenzi, Dr. Tyler Main, Dr. Herrera, and Dr. Sam Ramen via the **Mayor's Office at 1 Dr. Carlton B. Goodlett Place, Room 200, San Francisco, CA 94102**. The Clerk shall also mail a copy of this order to Plaintiff.

4. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See**

United States District Court
Northern District of California

**Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be

extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

DATED: October 2, 2026

EDWARD J. DAVILA
United States District Judge